IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAMUEL RICARDO HATCHER, JR., )
)
    Petitioner, )
)
v. ) Civil Action No. 3:10CV008–HEH
)
GENE M. JOHNSON, )
)
    Respondent. )

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2254 Petition)

Samuel Ricardo Hatcher, Jr., a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hatcher claims he is entitled to relief on the following grounds:

    Claim One:   Hatcher received ineffective assistance of counsel because his attorney (a) forced Hatcher to plead guilty, (b) did not give Hatcher the opportunity to plead not guilty, and (c) failed to suppress evidence at a state general district court hearing.

    Claim Two:   The trial court failed to explain to Hatcher the consequences of a guilty plea.

Respondent has moved to dismiss on the ground that Hatcher's claims are procedurally defaulted. Hatcher has not responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On April 21, 2008, Hatcher pleaded no contest and was found guilty of rape in the Circuit Court for Chesterfield County ("Circuit Court"). On July 24, 2008, the Circuit

Court sentenced him to thirty-five years imprisonment with twenty years suspended. Hatcher did not appeal his conviction.

On May 7, 2009, the Circuit Court received Hatcher's petition for a writ of habeas corpus. Hatcher raised two grounds for relief:

Claim A: The trial judge improperly sentenced Hatcher outside the plea agreement.

Claim B: Hatcher's attorney provided ineffective assistance of counsel when he (1) allowed erroneous facts to be entered during sentencing, (2) failed to introduce exculpatory evidence, (3) allowed Hatcher to plead guilty despite knowing of exculpatory evidence, (4) failed to inform Hatcher of his right to withdraw the plea agreement, and (5) failed to perfect Hatcher's appeal.

On September 25, 2009, the Circuit Court dismissed the petition with prejudice because (1) Hatcher could have raised Claim A on direct appeal but failed to do so, and (2) Hatcher's ineffective assistance of counsel allegations in Claim B were conclusory and failed to meet either prong of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hatcher v. Johnson*, No. CL09HC-1402, at 7, 8 (Va. Cir. Sept. 25, 2009).

Hatcher filed a notice of appeal in the Circuit Court challenging the dismissal of his petition for a writ of habeas corpus. However, Hatcher, never perfected the appeal in the Supreme Court of Virginia by filing a petition for appeal. The time for filing such a petition has expired. *See* Va. Sup. Ct. R. 5:17(a)(1) ("[A] petition for appeal must be filed . . . (1) . . . not more than three months after entry of the order appealed from . . . .").

This Court received Hatcher's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 5, 2010.

On May 9, 2010, Hatcher filed a second state petition for a writ of habeas corpus in the Supreme Court of Virginia. In his petition to the Supreme Court of Virginia, Hatcher raised two grounds for relief. First, Hatcher claimed that he was actually innocent and that his conviction was staged by the Circuit Court because of the court's racial bias. Second, Hatcher contended that his attorney rendered ineffective assistance of counsel when he (a) did not zealously represent Hatcher; (b) failed to investigate the case adequately; (c) failed to meet with Hatcher; (d) failed to present evidence at the preliminary hearing; and (e) failed to appeal Hatcher's sentence. The Supreme Court of Virginia refused his petition on October 22, 2010 because "no writ shall be granted on the basis of any allegation the facts of which the petitioner had knowledge at the time of filing any previous petition." *Hatcher v. Director*, No. 100952 (Va. Oct. 22, 2010) (citing Va. Code Ann. § 8.01-654(B)(2)).[1]

## II. EXHAUSTION AND PROCEDURAL DEFAULT

State exhaustion "'is rooted in considerations of federal-state comity,'" and in the Congressional determination "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005)

---

[1] That statute provides, in pertinent part, that a petition for a writ of habeas corpus "shall contain all allegations the facts of which are known to petitioner at the time of filing . . . . No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code Ann. § 8.01-654(B)(2) (West 2010).

3

(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)). A habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (quoting *Matthews*, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does
4

not exhaust the federal claim." *Id.* (citing *Duncan*, 513 U.S. at 366); *see also Gray v. Netherland*, 99 F.3d 158, 162–64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews*, 105 F.3d at 911 (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner's claims are also procedurally defaulted where the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[2]

The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court

---

[2] Under such circumstances, the exhaustion requirement is "technically met" even though the claim has not been fairly presented to the Supreme Court of Virginia. *Matthews*, 105 F.3d at 911 (citing *Sweezy v. Garrison*, 694 F.2d 331, 331 (4th Cir. 1982)).

5

cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

## III. ANALYSIS

Hatcher never presented the claims in his § 2254 petition to the Supreme Court of Virginia. Were Hatcher now to attempt to present these claims to that court, they would be barred by Section 8.01-654(B)(2) of the Virginia Code. Section 8.01-654(B)(2) constitutes an independent and adequate state procedural rule. *See George v. Angelone*, 100 F.3d 353, 363–64 (4th Cir. 1996). Accordingly, Claims One and Two are procedurally defaulted. Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of these defaulted claims. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Hatcher does not directly assert any basis for excusing his default. However, in his § 2254 petition, Hatcher contends that his failure to exhaust his state remedies is attributable to the fact that "[t]he Cheste[r]field County Circuit Court did not give petitioner Effective Assistance of Counsel." (§ 2254 Pet. ¶ 12(b).) Hatcher cannot rely on ineffective assistance of counsel to excuse his default. A claim of ineffective assistance of counsel as cause for the procedural default of another claim "is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Therefore, a claim of ineffective assistance of counsel as cause for a second constitutional claim must be exhausted, or it may be procedurally defaulted itself. *Id.* at 453. Hatcher

has not properly presented any ineffective assistance of counsel claim to the Supreme Court of Virginia. Were Hatcher to attempt to do so now, the Supreme Court of Virginia would find the claim barred by Section 8.01-654(B)(2) of the Virginia Code. Accordingly, Hatcher's has not shown cause, and his claims are procedurally defaulted.

Because Hatcher's claims are procedurally defaulted, and such default remains unexcused, this Court will not review the merits of the claims. *See Harris*, 489 U.S. at 262. Accordingly, Respondent's Motion to Dismiss (Dk. No. 9) will be granted, Hatcher's claims will be dismissed, and Hatcher's petition for a writ of habeas corpus will be denied.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or

evidence suggests that Hatcher is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                                  /s/
                                      Henry E. Hudson
                                      United States District Judge

Date: Jan. 10, 2014
Richmond, Virginia